No. 334

PENNA. R. CO. v. OBERLANDER
No. 19006—Supreme Court

Motion to direct Crawford Appeals to certify. Dock. March 7, 1925, 3 Abs. 162.

475. ESTOPPEL—Does doctrine of apply against railway company which brought original suit, in the pleading of a Federal Control and Transportation Act as a defense?

The Pennsylvania Railroad Co. brought suit against H. N. Oberlander in a justice of the peace court to collect $2.51 for freight carried by it on Jan. 1, 1920. It seems that Oberlander had a carload of apples coming over the company's road. The total freight charge was, as claimed by the company, $99.95. An agent through mistake, however, collected $97.44 and when the difference was sued for Oberlander set up an answer and cross-petition claiming that the company, due to negligence on its part, had damaged him in the sum of $300, because of the negligent delay in delivering the apples; by reason of which said apples were frozen; and together with the condition and delay of said apples he has sustained damages to the amount of $300.

The justice of the peace rendered a judgment in favor of Oberlander for $297.49 plus $11.40 for costs. This judgment was appealed to the Crawford Common Pleas and the Railroad Co. denied the alleged negligence in delivery of the apples and contended that it was not a party to the suit by reason of the fact that the Railroad Co. was operated and controlled by the then Director General of Railroads, designated by the President of the United States for such purpose as is provided in Sec. 206-a of the Transportation Act of 1920. It also contended that the action set forth in Oberlander's cross-petition was not commenced within the time limit of the Transportation Act. A demurrer to the cross-petition was overruled and the judgment of the justice of the peace was affirmed. Error was prosecuted and the judgment of the Common Pleas was affirmed in the Court of Appeals.

In taking the case to the Supreme Court the Company contends that: The holding of the Common Pleas and the Court of Appeals that the Railroad Company is estopped from pleading Sec. 206-a of the Transportation Act as a defense, because it brought the suit against Oberlander; would be to put a Railroad company in a position where it could resort to a subterfuge which would allow a shipper to establish an unlawful claim against it, thereby violating the provisions of the Act to Regulate Commerce.

Attorneys—Wm. C. Beer for Company; Chas. F. Schaber; both of Bucyrus.

---

No. 335

COLONIAL-TAYLOR IMP. CO v. BARNETT et
No. 19003—Supreme Court

Motion to direct Cuyahoga Appeals to certify. Dock. March 7, 1925, 3 Abs. 162.

997. REAL ESTATE—1. Is forcible entry and detainer an "action to recover real property", within meaning of 1579 GC, par. 10, sub-sec. 6?

2. Did the municipal court have jurisdiction of the action?

The Colonial-Taylor Improvement Co. brought a forcible entry and detainer action, in the Municipal Court of Cleveland, designed to recover the possession of certain real estate owned by it Harry Barnett and Joseph Harris were in possession of the premises. After filing this action in the Municipal Court, Barnett filed a petition in the Cuyahoga Common Pleas, asking that the Improvement Co. be enjoined from prosecuting its action, because he had certain equitable defences which the Municipal Court did not have jurisdiction to entertain. The Common Pleas granted a restraining order, holding the action in forcible entry and detainer.

The Improvement Co. filed a demurrer on the grounds that the Common Pleas did not have jurisdiction of the subject matter of the action, and that Barnett's petition did not set forth a cause of action in equity.

The demurrer was overruled, and the company not desiring to plead farther, judgment was rendered for Barnett and the restraining order was made permanent. Error proceedings were instituted and perfected and the Court of Appeals, in affirming the judgment of the Common Pleas held:

That actions for recovery of real property do not include forcible entry and detainer; on the theory that forcible entry and detainer actions are summary proceedings and not "actions for the recovery of real property within the purview of the statute."

The Improvement Co. have filed the case in the Supreme Court and contends that forcible entry and detainer is not a summary proceeding, merely because the relief given is usually prompt; the promptness of the relief cannot change the character of the action.

Attorneys—James Metzenbaum and Edward E. Lurie, for Improvement Co.; Ulmer & Berne, for Barnett; all of Cleveland